Mr. Kostello Your Honor, this is a case in which the plaintiff claims that the verdict of the jury was against the manifest weight of the evidence. It is a claim of excessive force in effecting an arrest and also one other issue that the court committed error in not permitting prior bad acts of the police officer. Simply put, the defendant owned a tavern, kind of upscale, near a university. Upscale, you say? Upscale, Your Honor, I'm sorry. Does that mean real nice or something? Yeah, it was kind of nice. Anyway, one evening a woman rushed into, the defendant was at the bar, a woman rushed into the premises and attacked another woman. The defendant struck that. The plaintiff called the police. The police came and they were told, the police were told that there may be bats and guns involved in this hullabaloo there. The one police officer was subduing a woman and fighting with this person and noticed the plaintiff come up to him and he said, get back, get back, and he was worried about her. Was it the fight between the women that was going on or was there another fight outside? There was another fight outside, Your Honor. And he said that the plaintiff smelled of alcohol and was rather incoherent. The defendant arrives, says to the person trying to subdue, the officer subduing the person, hey, we're trying to help. We called the police. That's the attacker. And the defendant, Costner, says as he comes up, get back. You're impeding this investigation. The plaintiff comes up to him and sort of pushes him and says, look, I own this bar. Use profanity. And he says, put your hands up. The plaintiff says, I can't. I have a flailed arm. He says, put your hands up. I'm not going to tell you again. He uses a taser, knocks him to the ground, but then gives him more instructions to turn and put his hands behind his back. And he is shot three more times with the taser. Having heard Costner himself testify that, I got there, told him to get back. I never said, raise your arms up whatsoever. The arms issue was not disputed. Two doctors testified he couldn't raise his arm above his elbow. He told that to the officer, but the officer denied he ever said that. Following that, the defendant attempted to preclude and did preclude acts of prior conduct. The plaintiff then decided, well, there must be something there, so the plaintiff filed one to introduce prior acts. None were found, even from the portfolio of the defendant. But prior, almost immediately before trial, newspaper articles were given to the plaintiff, which alleged 37 prior tasings, two lawsuits, comment by the federal, in the newspaper, comment by the federal district judge in Springfield as to the credibility of the defendant police officer. The court denied this. At the close of all the evidence, finally an offer of proof was made to preserve the denial of the motion to introduce evidence, which are exhibits. The court denied it, and probably rightfully so. It's down to manifest way of the evidence. If we take evidence all in favor of the defendant, and it's undisputed that there is a failed arm, the evidence would indicate that it's against the manifest way of the evidence because the officer tased him three times while he was on the ground. And we believe that's against the manifest way of the evidence. Thank you, Your Honors. Any questions? I'm sorry. Not at the moment, it seems. Thank you, Mr. Costello. Mr. Hardy. May it please the court? Counsel. Your Honors, all of this evidence was presented to the jury. The argument the plaintiff appears to be making is, as I read the reply brief, is that because there was medical testimony that he could not lift his arm above his chest or his nipples, necessarily the judgment is against the manifest way of the evidence. Well, the problem with that is that the evidence was sharply disputed as to what occurred when Deputy Koster arrived on the scene. Deputy Koster never said that to him. He never told him to raise his arms. Plaintiff's credibility was quite frankly shattered during trial because his evidence, his testimony was contrary not only to what Deputy Koster testified to, but also Sergeant Butcher. Sergeant Butcher was the first one to arrive on the scene. He testified that the plaintiff was intoxicated, slurring his words, and refusing to obey his commands. He was trying to break up a fight. This was a very fluid situation. There were five arrests that occurred during this melee. The notion that this court should substitute its judgment for the judgment of the jury because of medical testimony that he could not lift his arm is simply unsupported by the record, period. The testimony was that when Mr. Koster got there, he repeatedly instructed him to get back. He refused. He tried to escort him away from the scene. He shoved him. After warning him repeatedly, telling him to sit down on the ground, which he refused to do, and warning him again, he finally tased him. Then he told him when the tase stopped, he said, you need to stop resisting. Instead, he tried to pull the wires out. That continued to happen, and when another officer arrived, they finally were able to subdue him, and they handcuffed him. Now, we've cited the cases. This is a jury question. Simply put, there is no basis for this court to reverse on a manifest way to the evidence standard. With respect to the newspaper articles, I would only say this. If you look at those articles, what they're talking about, you've got a reporter who has a beef with Deputy Koster. He's referring to all these other cases, and he's also summarizing what Judge Myerscough said in another case. Well, that's not the case that we're dealing with here, period. And the 37 tasings he's talking about, the only reference to any of that is in a newspaper article where the plaintiff's counsel is alleging, according to the newspaper article, that in the Scooby case, which involved a completely different fact, there were 34 tasers by this officer from 2005 when he started until 2012. What, are we going to litigate all those? You've got a seven-year period. That's three or four tasings a year. You've got an officer who's on the street dealing with these types of situations at bars every night. So there's simply no basis to find that the trial judge abuses discretion in this case. And, therefore, we would ask that the court affirm the judgment below. Unless the court has any questions, I have nothing further. Thank you, Mr. Hardy. Anything further, Mr. Costello? No, Your Honor. All right. Thank you very much. The case is taken under advisement.